# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 23-1007**

**September Term, 2023**

FILED ON: FEBRUARY 20, 2024

GEMI SPAULDING, ET AL.,
               PETITIONERS

v.

MERRICK B. GARLAND, ATTORNEY GENERAL, ET AL.,
               RESPONDENTS

---

On Petition for Review of an Order
of the Drug Enforcement Administration

---

Before: HENDERSON, PILLARD and RAO, *Circuit Judges*

## J U D G M E N T

This appeal was considered on the record from the Drug Enforcement Administration (DEA), the briefs of the parties, and oral argument held on January 23, 2024. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review be **DENIED.**

Petitioners are patients who previously obtained prescriptions for federally controlled pain medication from a doctor whose registration the DEA suspended pending an administrative proceeding to determine whether to revoke it. The patients unsuccessfully sought to intervene in their doctor's administrative registration-suspension proceeding. They now petition this court on an interlocutory basis to reverse the Administrative Law Judge (ALJ)'s order denying intervention, yet they disclaim any obligation to establish Article III standing to seek relief here. Because the patients make no showing to meet their burden to establish their standing, we dismiss the petition.

\* \* \*

In October 2022, the DEA issued an order to Dr. David Bockoff, a physician in California, immediately suspending the DEA registration that authorizes him to prescribe drugs on Schedules

II through V under the Controlled Substances Act and initiating administrative proceedings to permanently revoke that registration. The agency identified five patients to whom it contends Dr. Bockoff repeatedly prescribed controlled substances without appropriate medical justification or necessity, citing those cases in support of its charge that Dr. Bockoff's prescribing practices pose "an imminent danger to the public health or safety" and render his "continued registration . . . inconsistent with the public interest." Dr. Bockoff unsuccessfully sought a temporary restraining order in federal district court in California to lift the DEA's suspension of his registration. *Bockoff v. Garland*, No. 22-cv-9046, 2023 WL 2559205 (C.D. Cal. Jan. 3, 2023).

Petitioners, nine patients of Dr. Bockoff who are not among those the agency identified as recipients of his unlawful prescribing, sought to stay the suspension of the doctor's registration and intervene as parties to the administrative pre-revocation hearing. The Administrative Procedure Act allows "interested person[s]" to participate in agency proceedings "[s]o far as the orderly conduct of public business permits." 5 U.S.C. § 555(b). Petitioners argued that they have relied on Dr. Bockoff to prescribe pain medication, and that revocation of his registration would effectively cut off their access to those medications. Represented by counsel, Petitioners submitted to the ALJ a 14-page document containing a series of narratives purporting to be by pain patients or their spouses briefly explaining the circumstances that led them to seek treatment from Dr. Bockoff. The document is unsigned, undated, and unverified. *Cf.* 28 U.S.C. § 1746 (providing that unsworn declarations signed and dated under penalty of perjury may be used in lieu of affidavits made under oath or otherwise verified).

The ALJ denied the motion to intervene, concluding that Petitioners failed to show they are "interested persons" under the APA: They do not identify "any statutory right or property interest that makes them entitled to a hearing; nor do they argue that they fall within the statutory zone of interest." The patients petition us for reversal of the ALJ's order denying intervention. The DEA opposed the petition as moot since the administrative hearing is completed, and for want of finality because the rulings of the ALJ are not final orders of the agency.

Under the Controlled Substances Act, "any person aggrieved by a final decision of the Attorney General" may obtain judicial review. 21 U.S.C. § 877. To obtain review in federal court, an aggrieved person must, among other things, satisfy the constitutional requirements for standing. *New World Radio, Inc. v. FCC*, 294 F.3d 164, 169-70 (D.C. Cir. 2002). Petitioners bear the non-waivable burden to establish Article III standing with competent evidence showing: (i) a concrete and particularized injury; (ii) a causal link between that injury and the DEA order being challenged; and (iii) that the injury will likely be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). And where, as here, the person bearing that burden "is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." *Id.* at 562 (internal quotation marks omitted).

In cases involving direct review of administrative actions, petitioners must set forth to this court the basis of their Article III standing at the earliest opportunity. *See* D.C. Cir. R. 28(a)(7); *Sierra Club v. EPA*, 292 F.3d 895, 900-01 (D.C. Cir. 2002). Because such a petitioner "does not

ask the court merely to assess the sufficiency of its legal theory," but effectively moves for summary judgment based on the administrative record, "asking the court of appeals for a final judgment on the merits," the petitioner must carry its burden with evidence, not just factual allegations. *Sierra Club*, 292 F.3d at 899.

Petitioners not only fail to establish standing in their opening brief, but throughout their briefing and at oral argument they affirmatively disclaim any obligation to meet Article III standing requirements. They contend it suffices that they qualify as "interested persons" with statutory eligibility to intervene in the administrative proceedings. Pet. Br. at 15; Pet. Reply at 6-8; Oral Arg. Rec. at 8:34-9:01. That is incorrect. Unlike federal courts, agencies are "not constrained by Article III." *Fund Democracy, LLC v. SEC*, 278 F.3d 21, 27 (D.C. Cir. 2002). But, to seek judicial review of an agency decision, Petitioners must establish standing. *Sierra Club*, 292 F.3d at 899. Even assuming that petitioners were "interested person[s]" under the APA and therefore eligible to participate in the DEA proceedings, "this does not mean that [they have] Article III standing." *Fund Democracy*, 278 F.3d at 27.

Consistent with Petitioners' disavowal of any burden to establish constitutional standing, they made no creditable factual submissions regarding the injuries they assert from DEA's suspension and potential revocation of Dr. Bockoff's DEA registration. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 464 (D.C. Cir. 2009) (requiring petitioners to set forth "affidavits or other evidence" to support claims of standing (quoting *Sierra Club*, 292 F.3d at 900)); Fed. R. Civ. P. 56(c)(4) (requiring that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). Nor have Petitioners requested any opportunity to make supplemental submissions. *See Sierra Club*, 292 F.3d at 900 (providing that the court may for good cause excuse petitioners' omissions in their opening briefs); *Twin Rivers Paper Co. LLC v. SEC*, 934 F.3d 607, 614 (D.C. Cir. 2019) (explaining that good cause has been found where "the parties reasonably, but mistakenly, believed that the initial filings before the court had sufficiently demonstrated standing," and "where the parties reasonably assumed that [their] standing was self-evident from the administrative record" (alteration in original) (internal quotation marks omitted)).

Because Petitioners do not carry their burden of producing evidence to support the elements of constitutional standing, we accordingly dismiss their petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a).


**Per Curiam**

3

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk